NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-567

STATE OF LOUISIANA

VERSUS

JOHN WESLEY PERRY, JR.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 286,893
HONORABLE PATRICIA E. KOCH, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

James C. Downs
District Attorney
Thomas R. Willson
Assistant District Attorney
Ninth Judicial District
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLANT:
    State of Louisiana

**Darrell Keith Hickman**
**P. O. Box 48**
**Alexandria, LA 71309-0048**
**(318) 448-6353**
**COUNSEL FOR DEFENDANT /APPELLEE:**
**John Wesley Perry, Jr.**

**PETERS, J.**

This appeal is one of four[1] now before us involving the same defendant and the same issue. In this appeal, the State of Louisiana (state) seeks reversal of the trial court's grant of a motion to quash the bill of information filed against the defendant, John Wesley Perry, Jr., thereby dismissing two charges of simple battery, violations of La.R.S. 14:35. For the following reasons, we affirm the grant of the motion to quash the bill of information.

The basic facts surrounding this criminal charge are not in dispute. The defendant was arrested and charged with the two counts of simple battery. The date of the offense was July 11, 2006, and he posted two separate $500.00 bonds on August 14, 2006, to secure his release from custody. Although prepared on what appears to be standard appearance bond forms, the copies of the bonds in the record reflect that the defendant appears as both the principal and surety and that he lists his address as 2323 Olive Street in Alexandria, Louisiana, in both documents. While neither bond document designates a court appearance date to answer for the charges, they do both provide that the "named principal will appear at all stages of the proceedings in the Ninth Judicial District Court to answer that charge or any related charge, and will at all times hold himself amenable to the orders and process of the Court[.]" At the bottom of the forms appears an attestation clause signed by the defendant without any further certification. Each attestation clause contains a signature line for the approval of the Sheriff and/or Judge, but these lines are blank on both documents.

---

[1] There were actually five cases before the trial court when it rendered judgment in all five granting the defendant's motion to quash. These bore Ninth Judicial District Court Docket Numbers 284,807; 286,892; 286,893; 288,318; and 288,319. The issues involving Docket Number 286,893 are before us in this appeal raised in Docket Number 13-566, while Docket Number 13-566 of this court addresses the issues raised in Docket Number 284,807; Docket Number 13-568 of this court addresses the issues raised in Docket Number 286,319; and Docket Number 13-569 of this court addresses the issues raised in Docket Number 286,318. The state did not appeal the judgment in Docket Number 286,892.

The state charged the defendant with two counts of simple battery in an April 18, 2007 bill of information. Both of these counts are misdemeanors. La.R.S. 14:35; La.R.S. 14:2(4) and (6).

The record contains copies of two letters purporting to notify the defendant of his June 15, 2007 arraignment date for both charges. The letterhead on each letter is that of the Rapides Parish Sheriff's Office; both are addressed to the defendant; both are dated May 30, 2007; and both purport to notify the defendant that his arraignment on the two simple battery charges was set for June 15, 2007, at 9:00 a.m. With regard to the defendant's address, one of the letters lists the Olive Street address which appears on the appearance bond form, while the other lists the address as 2236 B West Sycamore Street in Alexandria, Louisiana. Neither letter has an original signature. Instead, both bear a stamped signature of "M. Fisher" and identifies him or her as a "Deputy Sheriff." In addition to notifying the defendant of his arraignment date and commenting on his right to be represented by counsel in the criminal proceedings, the letters contain the following language:

> Should you fail to appear in Ninth Judicial District Court in the Rapides Parish Courthouse at the hour and on the date specified, the presiding Judge may order your bond forfeited and a bench warrant issued for your immediate arrest on the charge of CONTEMPT OF COURT.

The defendant did not appear for his arraignment on June 15, 2007, and the trial court issued a bench warrant and bond forfeiture on both counts for his failure to appear. On that same day, the trial court executed two separate written bond forfeiture judgments. In the judgments, the defendant's address is listed as both the Olive Street address and the West Sycamore Street address. The trial court record also contains two separate certificates from the Rapides Parish Clerk of Court each of which assert that on August 1, 2007, that office forwarded written

notice of the bench warrant and bond forfeiture judgments rendered on June 15, 2007, to the defendant at both the Olive Street address and the West Sycamore Street address. However, neither certificate asserts that the defendant was provided with a copy of the judgment itself.

Some years later, the defendant was arrested on the bench warrants.[2] He entered not guilty pleas to both charges now before the court at his August 10, 2012 arraignment, and he filed his motion to quash the bill of information on October 8, 2012. The trial court heard the motion on November 27, 2012.[3]

As previously stated, while not consolidated, this matter involves the same issue, the same evidence, the same assignments of error, and the same arguments as the other three appeals pending before us. We have already set forth the analysis of the evidence presented at the November 27, 2012 hearing, as well as the trial court's reasons for granting the motion to quash in all five cases then pending before it. Rather than repeat ourselves, for the purpose of this analysis we adopt by reference that which is set forth in *State v. Perry*, 13-566 (La.App. 3 Cir. _) __ So.3d __, as though set forth herein. In doing so, we reach the same conclusion as we did in that appeal.

As in the other cases involving this defendant, the only question before us is whether the state carried its burden of establishing an interruption of the period of limitation provided in La.Code Crim.P. art. 578, by showing that the defendant failed to appear at the arraignment proceeding "pursuant to actual notice, proof of

---

[2] Although the defendant's brief in support of the motion to quash asserts that he was taken into custody on the outstanding bench warrant on July 31, 2012, after having been arrested for another unrelated offense, the trial record contains no evidence of how and when the defendant returned to the custody of the state for the two simple battery charges.

[3] The motion to quash was filed in all of the cases before us at this time, and, because the issue was the same in all of the cases, the trial court considered the individual motions in a single hearing.

3

which appears of record." La.Code Crim.P. art. 579(A)(3). We find that the state fell short of its burden of proof in this regard.

In argument to the trial court at the hearing on the motion to quash the bill of information, the state relied partially on "the minutes – the notice to Mr. Perry that was sent to 2323 Olive street, the – also the bond information which does have that as his address." The minutes simply state that:

> No appearance was made by accused or by attorney. State represented by C MAXWELL. Testimony given by Dep. Gus Sarpy. State offered notices and bond. Bench warrant and bond forfeiture. Bond set at 1,000.00. Contempt bond set at 5,000.00. No R O R. Commercial or cash bond only.

The two arraignment notices filed in the trial court record contain different addresses, neither bears an authentic signature, and the record contains nothing to establish that either document was actually mailed.

Because the state has failed to establish that notice, mailed or otherwise, was served on the defendant, we find that the trial court properly granted the motion to quash the bill of information charging the defendant with two counts of simple battery.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the motion to quash filed by the defendant, John Wesley Perry, Jr., and dismissing the bill of information charging him with two counts of the offense of simple battery.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

4